UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BOSTYN NEWCOMER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 24-cv-3286 |
| ) | |
| BRITTANY GREENE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff Bostyn Newcomer, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center. (Doc. 1). This case is now before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court is required by § 1915A to "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. The Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff files suit against Wardens Brittany Greene and Goins, Garbett, Ryan Knight, Brant Mountain, Corey Holzer, Silvester Erude, Little, Gasko, Arnes, and Nurse Dickson.

Plaintiff alleges that on May 29, 2024, Defendant Correctional Officer Garbett instructed the inmates on A Wing to lock up when their allotted time in the day room ended. Plaintiff alleges it was hot, and he needed ice. Plaintiff went to his cell to get a bowl for the ice, but Defendant Garbett refused to allow him to get ice and instructed him to lock up. When Plaintiff refused, Defendant Garbett called Defendant Mountain for assistance. When Defendant Mountain arrived, he gave Plaintiff multiple orders to lock up, but Plaintiff refused. Defendant Mountain instructed Plaintiff to place his hands behind his back, and Plaintiff complied. Defendant Mountain escorted Plaintiff off the A Wing. Even though Plaintiff was not resisting, Defendant Mountain allegedly threw him to the ground, put his knees on Plaintiff's head and neck, and waited for other officers to arrive. When Defendants Knight and Garbett and three unknown officers arrived, they allegedly put a spit mask over Plaintiff's head, taunted him by saying "spiteful and vindictive things" about his mother, and physically assaulted him. (Doc. 1 at p. 8). An unknown officer who pushed Plaintiff to segregation in a restraint chair allegedly threatened to destroy Plaintiff's electronics.

Plaintiff alleges that Defendant Gasko escorted him to the Internal Affairs Office and stated he was not going to investigate the incident on May 29, 2024, because the lieutenants said Plaintiff assaulted them. Defendant Gasko indicated that he believed the lieutenants.

In June 2024, Plaintiff asked Defendant Warden Goins if she could review the camera footage of the incident on May 29, 2024. Defendant Goins indicated that she would if it was still available to review.

An Adjustment Committee hearing was held on June 6, 2024. Plaintiff alleges that Defendant Holzer refused to call all six officers who were involved in the May 29, 2024, incident and stated that their staff reports were sufficient. Plaintiff alleges that Defendants Holzer and Erude found him guilty of all charges, even though there was insufficient evidence.

2

On June 17, 2024, Defendant Warden Greene confirmed the disciplinary charges and sanctions. On June 21, 2024, Plaintiff received the Adjustment Committee summary, which stated that Internal Affairs checked the video footage of the incident but could not see much.

Plaintiff filed a grievance on July 2, 2024. The grievance was deemed moot, and Defendant Warden Greene concurred. Defendant Lieutenant Little also responded to the grievance and concluded that excessive force was not used on May 29, 2024.

From approximately May 29, 2024, to October 12, 2024, Plaintiff alleges that he asked Defendant Nurse Dickson and the other nurses for an x-ray of his thumb and back, which started to hurt after Defendant Mountain threw him on the ground on May 29, 2024. Plaintiff alleges he went to sick call only twice in five months, but before he can receive an x-ray, he is required to attend sick call three times.

**ANALYSIS**

**Defendant Mountain**

To allege an Eighth Amendment excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017). Plaintiff alleges

3

Defendant Mountain threw him to the ground even though he was not resisting, put his knees on his head and neck, and injured his thumb and back on May 29, 2024. Based on these allegations, the Court will allow Plaintiff to proceed on an excessive force claim against Defendant Mountain.

**Defendants Garbett and Knight**

Plaintiff alleges Defendants Garbett, Knight, and three unknown officers arrived on the scene after Defendant Mountain took Plaintiff to the ground on May 29, 2024. Upon their arrival, they placed a spit mask over Plaintiff's head, taunted him, physically assaulted him, and said "spiteful and vindictive things" about his mother. (Doc. 1 at p. 8).

Defendants' taunts and comments do not rise to the level of a constitutional violation under § 1983. *Winston v. Thomas*, No. 21-4197, 2022 WL 1050511, at *1 (C.D. Ill. Apr. 7, 2022); *Smith v. Myers*, No. 118CV02255TWPDLP, 2018 WL 3631285, at *1 (S.D. Ind. July 30, 2018) (citing *DeWalt v. Carter*, 224 F.3d 607, 612 n. 3 (7th Cir. 2000) ("[A]lthough indefensible and unprofessional, isolated verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case.")).

Plaintiff alleges that Defendants "physically assaulted" him, but he did not provide any further details. (Doc. 1 at p. 8). The allegations against Defendants Garbett and Knight are too vague and insufficient to state an excessive force or failure-to-intervene claim. Defendants Garbett and Knight are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**Defendants Gasko and Goins**

Plaintiff alleges Defendant Gasko escorted him to the Internal Affairs Office sometime after May 29, 2024, and stated that he was not going to investigate the incident any further because

4

the officers stated that Plaintiff assaulted them. Plaintiff also alleges he asked Defendant Warden Goins to investigate the incident and review the camera footage from the incident.

Plaintiff may not allege lack of due process based merely on an inadequate investigation. *Comi v. Zeiger*, No. 20-CV-3091-JBM, 2020 WL 3489989, at *2 (C.D. Ill. June 26, 2020) (citing *Ford v. Page*, 169 F. Supp. 2d 831, 840-41 (N.D. Ill. 2001)); *Miller v. Butler-Jones*, No. 21-CV-2189-JBM, 2021 WL 5310895, at *3 (C.D. Ill. Nov. 15, 2021). Furthermore, there is no *respondeat superior* under § 1983. Defendant Warden Goins cannot be liable based only a supervisory role. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). Defendants Gasko and Goins are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**Defendants Holzer and Erude**

Plaintiff alleges Defendant Holzer failed to call the six officers involved in the incident as witnesses at the Adjustment Committee hearing on June 6, 2024. Plaintiff claims that Defendants Erude and Holzer found him guilty of disciplinary violations without sufficient evidence.

The Due Process Clause of the Fourteenth Amendment prohibits the deprivation "of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, and those who seek to invoke its protection "must establish that one of these interests is at stake." *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "To succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest. Thus, the question is whether a

protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (internal citations omitted).

A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court must examine not just the severity, but the duration of the complained-of conditions. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Under Seventh Circuit precedent, "five months in segregation, standing alone, is not enough to implicate a liberty interest that triggers due process rights. Fewer than six months in segregation, however, may still establish a liberty interest 'depending on the conditions of confinement.'" *Ealy*, 109 F.4th at 964 (quoting *Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (internal citations omitted)).

Plaintiff does not allege a loss of good time credits or plead that he was held under atypical conditions in segregation. This is not enough to state a due process claim. *See Lekas v. Briley*, 405 F.3d 602, 613 (7th Cir. 2005) (90 days in segregation with loss of contact visits, loss of telephone and commissary privileges, and the inability to participate in programs did not implicate protected liberty interests); *see also Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (lengthy period of segregation and harsh conditions may violate due process).

Here, Plaintiff indicates that he was placed in segregation, but he does not allege how long he remained in segregation, describe the conditions of segregation, or indicate if the disciplinary charges were later expunged. The Court finds that Plaintiff fails to state a due process claim against Defendants Erude and Holzer. Defendants Erude and Holzer are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**Defendant Little**

Plaintiff alleges Defendant Little reviewed a grievance he filed on July 2, 2024, and concluded that excessive force was not used on May 29, 2024. While Plaintiff is critical of how his grievance was handled, this is not enough to plead personal liability under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Defendant Little is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**Defendant Greene**

Plaintiff alleges that Defendant Warden Greene confirmed the disciplinary charges on June 17, 2024, and concurred with the denial of his July 2, 2024, grievance. A warden cannot be held liable based solely on involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process); *Diaz v. McBride*, No. 3:93-CV-176RM, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement and subject a prison official to liability under § 1983 merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates). "If there is 'no personal involvement by the warden outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012)).

Plaintiff alleges no further involvement by Defendant Greene outside of the grievance process. Defendant Greene is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**Defendant Dickson**

Plaintiff alleges that while he was in segregation, he asked Defendant Nurse Dickson and other nurses for an x-ray of his thumb and back, which were injured during the incident on May 29, 2024. Plaintiff alleges he attended sick call twice but was required to attend sick call three times before an x-ray could be ordered.

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Plaintiff's Complaint does not include any information about his thumb and back injuries to infer that he suffered from a serious medical need. It is also unclear how Defendant Dickson was personally involved in his medical treatment and if she denied him sick call appointments. *See*

8

*Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff's sparse allegations are insufficient to allege a deliberate indifference claim against Defendant Dickson. Defendant Dickson is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**Defendant Arnes**

Plaintiff names Arnes (Internal Affairs) as a Defendant, but he made no reference to Defendant Arnes in the body of his Complaint. Therefore, Defendant Arnes is dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1.  According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment excessive force claim against Defendant Brant Mountain for allegedly throwing Plaintiff to the ground and kneeling on his head and neck on May 29, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2.  Defendants Brittany Greene, Goins, Garbett, Ryan Knight, Corey Holzer, Silvester Erude, Little, Gasko, Arnes, and Dickson are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Clerk is directed to TERMINATE them as Defendants.

3.  This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an

9

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4.      The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5.      Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6.      If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7.      This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any

motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. Plaintiff shall be provided a copy of all pertinent medical records upon request.

11. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  3/3/2025

s/ James E. Shadid  
James E. Shadid  
United States District Judge