IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BOSTYN NEWCOMER,
    Plaintiff,

v.

BRANT MOUNTAIN,
    Defendant.

Case No. 3:24-cv-03286-JEH

### Order

This matter is now before the Court on Defendant Brant Mountain's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). (Doc. 27). For the reasons stated below, Defendant's Motion is GRANTED.

### I

On October 15, 2024, Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendant Mountain, a correctional lieutenant at Western Illinois Correctional Center, violated his Eighth Amendment rights by using excessive force against him on May 29, 2024. (Docs. 1 and 20).

On May 6, 2025, Defendant filed a Motion for Judgment on the Pleadings arguing that judgment should be entered in his favor because Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 27). The Clerk issued a Notice warning Plaintiff that if he failed to respond to Defendant's Motion within fourteen days, the Court may grant the motion and dismiss the case. (Doc. 28). To date, Plaintiff has not responded to Defendant's Motion or requested additional time to do so.

II

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial." FED. R. CIV. P. 12(c). Pleadings "include the complaint, the answer, and any written instruments attached as exhibits." *Federated Mut. Ins. Co. v. Coyle Mech. Supply, Inc.*, 983 F.3d 307, 312-13 (7th Cir. 2020). A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss and is to be viewed in the light most favorable to the non-moving party. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) (citing *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir. 1986)). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat'l Fid. Life Ins. Co.*, 811 F.2d at 358 (citing *Flora v. Home Fed. Savings & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982)); *Bannon v. Univ. of Chicago*, 503 F.3d 623, 628 (7th Cir. 2007).

III

In his Complaint, Plaintiff alleges that Defendant used excessive force against him on May 29, 2024. (Doc. 1). An Adjustment Committee hearing was held on June 6, 2024. *Id.* at p. 16. According to the Adjustment Committee hearing summary, Plaintiff was found guilty of assaulting a staff member, intimidation or threats, disobeying a direct order essential to safety and security, and insolence and sentenced to three months of C-grade, two months of segregation, the

2

revocation of three months GCC or SCT, and six months contact visits restriction. *Id.* at pp. 16-17.

In his Motion for Judgment on the Pleadings, Defendant argues that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as a favorable judgment on Plaintiff's claim would necessarily imply the invalidity of his disciplinary conviction. (Doc. 27).

In *Heck*, the Supreme Court held that, to challenge the validity of a conviction or sentence in a § 1983 action, the plaintiff must demonstrate that the sentence of conviction has been reversed or invalidated by another tribunal or called into question by the issuance of a federal habeas corpus petition. *Id.* at 487; *see also Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (finding that *Heck*'s favorable termination requirement controls outcome whenever § 1983 claim implies invalidity of conviction or sentence, regardless of availability of habeas relief). The Supreme Court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not* cognizable under § 1983." *Heck*, 512 U.S. at 487 (citations omitted) (emphasis in original).

Under *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997), a prisoner deprived of good credit time in a disciplinary proceeding cannot bring a suit for damages that would imply the invalidity of the disciplinary conviction and sanctions. Whether the plaintiff asserts that his disciplinary conviction and sanctions are not supported by evidence or that he was denied a procedural protection, he cannot bring a suit for damages or declaratory relief unless "the conviction or sentence has previously been invalidated." *Balisok*, 520 U.S. at 643, 648. *Heck* applies even when a plaintiff has been released from custody and can no longer utilize habeas proceedings to invalidate the revocation. *See Savory*, 947 F.3d at 419-428.

As *Heck* instructs, Plaintiff must demonstrate that the disciplinary conviction and related revocation of good time credits (GCC) has been vacated.

3

However, exhibits submitted with his Complaint and the docket in his case pending before the state court in Brown County show that his disciplinary conviction has not been vacated. Plaintiff attached a copy of a Writ of Certiorari as an exhibit in support of his claim. (Doc. 1 at pp. 20-35). The Writ was filed in Brown County on August 23, 2024, and was assigned Case No. 2024MR7. *Id.* The Writ asked the State Court to "vacate the disciplinary decisions" against him and to return him to "the position he was in before the disciplinary sanctions were imposed." *Id.* at p. 34. The Writ describes his claims against Defendant Mountain regarding the events of May 29, 2024, and alleges officers used excessive force. *Id.* at pp. 24, 27-28. The Brown County docket shows that the state court did not vacate his parole revocation and has taken no action on the Writ. (Doc. 27-1; Docket for Case No. 2024MR7). A district court may take judicial notice of matters of public record when considering a motion for judgment on the pleadings pursuant to Rule 12(c). *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

The Court finds that Plaintiff failed to show his disciplinary violation was vacated or that his good time credits were restored. As such, Plaintiff's claims are barred by *Heck*. Plaintiff did not file a response to Defendant's Motion or present any arguments or documentation to the contrary. Therefore, Defendant's Motion for Judgment on the Pleadings is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

**IT IS THEREFORE ORDERED:**

  **(1)    Defendant's Motion for Judgment on the Pleadings [27] is GRANTED. Defendant Mountain is DISMISSED WITHOUT PREJUDICE. Plaintiff takes nothing. Each party is to bear their own attorney's fees, costs, and expenses. The Clerk is DIRECTED to enter judgment and close this case.**

  **(2)    Although Plaintiff's case has been dismissed, he remains responsible for the remainder of the $350.00 filing fee. (10/15/2024).**

(3)   If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(4).

(4)   If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. FED. R. APP. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: June 3, 2025

s/Jonathan E. Hawley
U.S. District Judge